RECEIVED

MAY 0 7 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CARDINAL SERVICES, INC., In the Matter of the Complaint of Cardinal Services, Inc., as Owner of the L/B Lopez, Official No. 1060683 for Exoneration from or Limitation of Liability<br>*Plaintiff* | CIVIL ACTION NO. 00-1909<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE METHVIN |
| OMEGA PROTEIN, INC., In the Matter of the Complaint of Omega Protein, Inc. as Owner of the F/V Raccoon Point, Official No. 532143 for Exoneration from or Limitation of Liability<br>*Consolidated Plaintiff* | |
| VERSUS | |
| OMEGA PROTEIN, INC.<br>*Defendant* | |

## ORDER

Before the court is the motion for attorneys' fees filed by claimants Clifton Lewis and George Declouette, styled as a "Note of Evidence" by the claimants.[1] The motion is opposed by Omega Protein, Inc.[2], and claimants have filed a reply brief.[3] The motion is currently set for hearing without oral argument on the undersigned's May 17, 2007 motion calendar. For the following reasons, the undersigned concludes that additional briefing is necessary before attorneys' fees can be awarded.

### *Background*

On March 9, 2001, claimant, Clifton Lewis, filed a Claim and Answer in the instant

---

[1] Rec. Doc. 304.

[2] Rec. Doc. 305.

[3] Rec. Doc. 309.

limitation of liability proceeding, alleging that he was injured while employed as a seaman aboard the M/V RACOON POINT, owned and operated by Omega Protein, Inc., when the M/V RACOON POINT was struck by the L/B W. LOPEZ, owned and operated by Cardinal Services.[4] On May 11, 2001, the district judge consolidated the instant case with a related limitation of liability lawsuit also involving Omega.[5] On February 20, 2002, a claimant in the related action, George Declouette, filed a Claim and Answer, alleging that he was injured in the same incident.[6]

On March 21, 2007, after a four-day bench trial, the district judge found that both Lewis and Declouette satisfied their burdens of establishing that Omega's negligence was a cause in whole or in part of their injuries and awarded them damages accordingly.[7] The district judge also concluded that Omega exhibited callousness and indifference to the seamens' plight, and that they were entitled to reasonable attorneys' fees related to the payment of their maintenance.[8] The district judge ordered that claimants submit any additional evidence regarding their claims for attorneys' fees within fifteen days of the judge's ruling. Omega's response was to be filed within five days of receipt of same. All briefing was timely filed, but for the following reasons, additional briefing is necessary.

---

[4] Rec. Doc. 14.

[5] Rec. Doc. 24. The related case, *CARDINAL SERVICES, INC., In the Matter of CIVIL ACTION NO. 00-1909 the Complaint of Cardinal Services, Inc., as Owner of the L/B Lopez, Official No. 1060683 for Exoneration from or Limitation of Liability*, was Civil Action 09-1910 before being consolidated with the instant case.

[6] Rec. Doc. 64.

[7] See Minutes of Court, Rec. Doc. 302.

[8] Id. The district judge concluded that both Lewis and Declouette waived their attorney fees with respect to cure.

3

## *Legal Analysis*

The district judge has ordered that both claimants are entitled to "reasonable attorney's fees" in connection with their claims in the instant case. "Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Reasonable costs are costs which would ordinarily be charged to a fee-paying client. Associated Builders and Contractors of Louisiana, Inc. v. Orleans Parish School Board, 919 F.2d 374, 379 (5th Cir. 1990).

The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees. The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at 192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v.

4

Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

*Insufficient Documentation*

In the instant case, claimants filed a "Note of Evidence" in which they refer to a "Maintenance Timeline for George Declouette" and a "Maintenance Timeline for Clifton Lewis," in support of their claims for attorneys' fees.[9] The aforementioned timelines are not attached to the instant motion for fees, nor is the court directed to where they appear in the record.

---

[9] Claimants state that these Timelines appear in the record as "Claimant's Exhibit P8.7."

5

Additionally, Omega contends that these timelines are not sufficient to support a claim of attorneys' fees, inasmuch as they do not contain contemporaneous billing records or any other proof of the actual time expended on the maintenance issue.

A fee applicant bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Applying the Hensley rationale, the Fifth Circuit has held that the burden of proving the reasonableness of the number of hours in an application "is on the fee applicant and not on the opposing party to prove their unreasonableness." Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987).

Accordingly, fee applicants are "to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for compensable hours." Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990). Specifically, billing records produced to a court for purposes of calculating an award of attorneys' fee are to contain the task that was performed, as well as the amount of time spent on each task. The undersigned notes that the Fifth Circuit frowns on consolidating individual items into one large block of time for each day. Conner v. Mid South Insurance Agency, Inc., 943 F.Supp. 663, 666 (W.D. La 1996) (Little, J.), citing Leroy, 906 F.2d at 1080. Courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the prevailing party presents sufficiently detailed records that the time expended and the need for services are clearly established. Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1991). The remedy for failure to submit bills containing complete details is not preclusion, but rather, reduction of the fees and costs claimed. In Hensley, *supra*, the United States Supreme Court

stated that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51; Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Leroy, 906 F.2d at 1068.

Inasmuch as the instant motion contains no contemporaneous billing records showing the precise tasks that were performed in connection with the request for fees, as well as the amount of time that was spent on each task, the instant motion is insufficiently documented.

### *Hourly Rate*

The undersigned concludes that claimants' request for a $350.00 hourly rate is similarly unsupported. Attorneys' fees are to be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. Tasch, Inc. v. Unified Staffing & Associates, Inc., 2004 WL 1857640, *3 (E.D.La. 2004), citing Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "For the purposes of determining lodestar for attorney fees, relevant 'community' is one in which [the] district court sits regardless of [the] fact that much of the work must be performed away from district court's community or that high-priced attorneys come into jurisdictions with much lower market rates …" Tasch, 2004 WL 1857640, *3, citing Donnell v. United States, 240 F.2d 682 (D.C.Cir.1982). As the court noted in Tasch:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum*, 465 U.S. at 896 n. 11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley*, 461 U.S. at 439 n. 15.

2004 WL 1857640, *3.

In the instant case, claimants attach to their motion an affidavit from their counsel, Jim S. Hall, wherein Mr. Hall states that he is "of the opinion that $350.00 per hour would be a reasonable hourly rate upon which an award should be based." The prevailing market rate in Lafayette, Louisiana fluctuates between $125.00 and $150.00 per hour, and Mr. Hall has provided no persuasive evidence that his rate should be increased for purposes of this case. However, Mr. Hall will be permitted to supplement his Note of Evidence with additional information before the court makes a final fee award.

Considering the foregoing,

**IT IS HEREBY ORDERED** that, *on or before May 18, 2007*, claimants shall supplement their motion for attorneys' fees with contemporaneous billing records showing both the precise tasks that were performed in connection with the request for fees, as well as the amount of time spent on each task, pursuant to the jurisprudence cited herein. **IT IS FURTHER ORDERED** that, to the extent that Mr. Hall seeks a fee based on an hourly rate that exceeds the prevailing market rate in Lafayette, Louisiana, he shall supplement his affidavit with caselaw and/or other information such an increased rate *on or before May 18, 2007.*

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on May __7__, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT: VIA FAX
DATE: 5/7/07
BY: CW
TO: mem
Basden | Meyers
Breaud | Roussel
Escudier | Scott
Hall | Trahan