RECEIVED

MAY 2 1 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

### UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

CARDINAL SERVICES, INC., In the Matter of
the Complaint of Cardinal Services, Inc., as
Owner of the L/B Lopez, Official No. 1060683
for Exoneration from or Limitation of Liability
    *Plaintiff*

CIVIL ACTION NO. 00-1909

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

OMEGA PROTEIN, INC., In the Matter of
the Complaint of Omega Protein, Inc. as
Owner of the F/V Raccoon Point, Official No. 532143
for Exoneration from or Limitation of Liability
    *Consolidated Plaintiff*

**VERSUS**

OMEGA PROTEIN, INC.
    *Defendant*

### SECOND ORDER REQUIRING SUBMISSION OF
### DOCUMENTATION SUPPORTING MOTION FOR ATTORNEYS' FEES
*(Rec. Doc. 304)*

Before the court is the opposed motion for attorneys' fees filed by claimants Clifton

Lewis and George Declouette, styled as a "Note of Evidence" by the claimants.[1]

On May 7, 2007, the undersigned magistrate judge ordered that claimants Clifton Lewis

and George Declouette supplement their motion for attorneys' fees with contemporaneous billing

records showing both the precise tasks that were performed in connection with the request for

fees, as well as the amount of time spent on each task, pursuant to Fifth Circuit jurisprudence.[2]

Claimants' counsel was also ordered to supplement his affidavit with caselaw and/or other

information supporting his position that he is entitled to a $350.00 hourly rate for the work he did

---

[1] Rec. Doc. 304.

[2] Rec. Doc. 312.

2

in this case.

On May 11, 2007, claimants' supplemental brief was filed.[3] With respect to the issue of counsel's hourly rate, the undersigned concludes that the supplemental brief satisfactorily sets forth counsel position and no additional briefing is necessary.

The issue of the sufficiency of the counsel's billing records is another matter. To his supplemental memorandum, claimants' counsel attaches several exhibits in which he sets forth the specific tasks that were performed in connection with the request for fees, as well as the amount of time spent on each task. In its opposition to claimants' supplemental memorandum, Omega Protein, Inc. argues that the supplemental memorandum still does not set forth sufficient detail to permit the court to make a determination of reasonable attorney's fees to be awarded in this case.[4] Specifically, Omega contends that there are numerous entries for tasks performed in connection with issues surrounding cure, for which claimants are not entitled to attorney's fees, as well as entries that pertain to work performed on issues that were settled and for which fees were not awarded, and entries pertaining to the entirety of the claimants' claims, with no appropriate discount for issues for which fees were not awarded. It also appears that claimants may have included entries for work performed at times when maintenance was arguably not due at all.

The record shows that the district judge concluded at the bench trial that Omega exhibited callousness and indifference to Lewis and Declouette seamens' plight, and that they were entitled

---

[3] Rec. Doc. 313.

[4] This pleading has not yet been docketed.

3

to reasonable attorneys' fees related to the payment of their maintenance.[5]  It appears that that is

the only issue for which attorneys' fees were awarded.  Nevertheless, it appears that claimants

seek fees for work performed on other issues for which no fees were awarded, including, as

previously stated, claims for cure and claims that were settled.

After review of the briefs and the billing records themselves, the undersigned cannot

determine which entries relate to the maintenance issue solely and which entries relate to matters

for which the district judge did not award attorneys' fees.

As this court has already noted, a fee applicant bears the burden of documenting and

supporting the reasonableness of all time expenditures for which compensation is sought.

Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Applying the Hensley rationale, the Fifth

Circuit has held that the burden of proving the reasonableness of the number of hours in an

application "is on the fee applicant and not on the opposing party to prove their

unreasonableness."  Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987).

Courts may exclude hours that are insufficiently documented and should not award

attorney's fees unless the prevailing party presents sufficiently detailed records that the time

expended and the need for services are clearly established.  Bode v. United States, 919 F.2d

1044, 1047 (5th Cir. 1991).  The remedy for failure to submit bills containing complete details is

not preclusion, but rather, reduction of the fees and costs claimed.  In Hensley, *supra*, the United

States Supreme Court stated that "[w]here the documentation of hours is inadequate, the district

court may reduce the award accordingly."  461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d

---

[5] Id.  The district judge concluded that both Lewis and Declouette waived their attorney fees with respect to
cure.

4

40, 51; <u>Von Clark v. Butler</u>, 916 F.2d 255, 259 (5th Cir. 1990); <u>Leroy</u>, 906 F.2d at 1068.

The undersigned has already permitted counsel for claimants to supplement its insufficiently documented motion for fees once, and could, based on Fifth Circuit jurisprudence, discount the fees by a flat percentage rate for the failure of counsel to adequately document the tasks that he spent on the maintenance issue in this case. However, mindful that it is the claimants themselves who stand to lose the most if such a course were taken, the undersigned will permit claimants' counsel a final opportunity to adequately document the request for fees.

Considering the foregoing,

**IT IS HEREBY ORDERED** that, *on or before May 23, 2007,* claimants shall supplement their motion for attorneys' fees with amended exhibits showing the precise tasks that were performed *on the issues for which the district judge awarded reasonable attorney's fees,* as well as the amount of time spent on each task, pursuant to the jurisprudence cited herein. To the extent that tasks were performed on issues that relate only in part to issues for which the district judge awarded fees, claimants shall appropriately discount the time expended on such tasks. Furthermore, to the extent that claimants aver that they are entitled to fees for work performed during time periods when it appears that no maintenance was due, claimants shall sufficiently explain why they allege that fees for such work should be included in the court's award.

**IT IS FURTHER ORDERED** that Omega shall file any opposition brief, without the need to file a motion for leave to file same, *on or before May 30, 2007.*

5

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all

counsel of record.

Signed at Lafayette, Louisiana on May _21_ , 2007.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 5/21/07
BY: CW
TO: mem
  Basden
  Breaud
  Escudrer
  Hall
  Jones
  Meyers        Via fax
  Rousel
  Scott
  Tillery